## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC ROSSANO            : | |
|                            : | |

DOMINIC ROSSANO                :

            Plaintiff,        :

    v.                            :

                            :

MAXON                        :       CIVIL ACTION NO. :

     and

MAXON LIFT CORP.         :

     and

MAXON INDUSTRIES, INC.   :

     and

RYDER TRUCK RENTAL, INC. :

     and

RYDER TRUCK RENTAL, INC. d/b/a :

RYDER TRANSPORTATION SERVICES :

     and

RYDER SYSTEM, INC.       :

     and

MORGAN                  :

     and

MORGAN CORPORATION   :

     and

MORGAN TRUCK BODY, LLC :

     and

O'CONNOR TRUCK LEASING, INC. :

     and

BRATE, CO.               :

               Defendants.   :

## NOTICE OF REMOVAL

       Defendants Maxon Lift Corp. and Maxon Industries, Inc. (collectively the "Maxon

Defendants"), by their attorneys McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby submit

this Notice of Removal pursuant to 28 U.S.C. §1441 et seq. and in support thereof aver the

following:

1.   On February 11, 2021, Plaintiff Dominic Rossano commenced this action by filing a complaint in the Philadelphia Court of Common Pleas at Docket No. 210201054 (the "State Action").   A true and correct copy of the Complaint with Civil Cover Sheet is attached hereto as Exhibit "A."

2.   The Maxon Defendants were served with the complaint by certified mail on February 23, 2021.   A true and correct copy of plaintiff's filed affidavit of service for Maxon Lift Corp. is attached hereto as Exhibit "B."   No affidavit of service has been filed by plaintiff for defendant Maxon Industries, Inc.   The service of the complaint was the Maxon Defendants' first notice of the State Action.

3.   Plaintiff has named "Maxon" as a party defendant.   "Maxon" is not a legal entity and undersigned counsel have appeared in the State Action on behalf of Maxon Lift Corp. and Maxon Industries, Inc. only.

4.   No other documents have been filed against or served upon the Maxon Defendants in the State Action.

5.   This Notice of Removal is being filed within thirty (30) days after the Maxon Defendants received service of the Complaint and therefore the filing of this Notice of Removal is timely pursuant to 28 U.S.C. §1446 (b)(1).

I.      **This Court Has Original Jurisdiction Over This Matter Pursuant to 28 U.S.C. §1332.**

   A. **Diversity of Citizenship Exists.**

6.   In the Complaint, plaintiff alleges that he resides at 2 Raymond Court, Marlton, New Jersey, 08053.   Upon information and belief, plaintiff is domiciled in New Jersey and a citizen of New Jersey.

2

7.   The Maxon Defendants are corporations organized and existing under the laws of California, each with a principal place of business located at 11921 Sluason Avenue, Sante Fe Springs, California  90670.  Pursuant to 28 U.S.C. §1332(c)(1), the Maxon Defendants are citizens of California.

8.   The complaint also names as defendants Ryder Truck Rental, Inc., Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services and Ryder System, Inc. (collectively the "Ryder Defendants).

9.   Plaintiff has filed an affidavit of service on the Ryder Defendants stating that service was made on the Ryder Defendants on February 22, 2021.

10.  On March 16, 2021 counsel for the Maxon Defendants spoke with Sean Stadelman, Esquire.  Mr. Stadelman will be entering his appearance for the Ryder Defendants in this action.

11.  Mr. Stadelman confirmed that each of the Ryder Defendants is a corporation organized and existing under the laws of Florida and that each corporation maintains a principal place of business at 11690 NW 105th Street, Miami, Florida 33178.  Pursuant to 28 U.S.C. 1331 (c)(1), the Ryder Defendants are citizens of Florida.

12.  The complaint also names as defendants Morgan, Morgan Corporation and Morgan Truck Body, LLC (collective the "Morgan Defendants").

13.  The docket in the State Action does not show that the Morgan Defendants have been served with the complaint.

14.  On March 15, 2021, counsel for the Maxon Defendants spoke with Jason Sweet, Esquire.  Mr. Sweet has represented the Morgan Defendants in other litigated matters and stated

that he would be entering his appearance for the Morgan Defendants in this action once service of the complaint is made.

15. Mr. Sweet advised counsel for the Maxon Defendants that there is no legal entity known as "Morgan" as named in the complaint.

16. Mr. Sweet advised counsel that "Morgan Corporation" is not a corporation but is a "d/b/a" for Morgan Truck Body, LLC.

17. Mr. Sweet further advised that Morgan Truck Body, LLC is a limited liability company organized and existing under the laws of Delaware.

18. For purposes of diversity jurisdiction, a limited liability company is considered to be a citizen of the states of each of its members. See, Lincoln Ben. Life Co. v. AEI Life, LLC 800 F.3d 99, 105 (3d Cir. 2015) ("[T]he citizenship of an LLC, is determined by the citizenship of its members.").

19. Mr. Sweet advises that the members of Morgan Truck Body, LLC are citizens of Delaware and Texas and that no member of the LLC is a citizen of New Jersey or Pennsylvania.

20. The complaint names as defendants O'Connor Truck Leasing, Inc. and Brate, Co. and provides an address for each of those entities as 835 East Lycoming Street, Philadelphia, Pennsylvania  19124.

21. Counsel for the Maxon Defendants conducted a search of the Pennsylvania Department of State records to determine the legal status of each of those defendants.

22. Pennsylvania Department of State records show that "Brate, Co." was formerly known as "O'Connor Truck Leasing, Inc." and that Brate, Co. was dissolved on September 21, 2011. See Pennsylvania Department of State Search and Articles of Dissolution, attached hereto as Exhibit "C."

23.  The State Action dockets reflect that service of the complaint was attempted on Brate, Co. and O'Connor Truck Leasing, Inc. on February 23, 2021 at the Philadelphia address identified in the complaint.  The service attempts were unsuccessful and returned "not found."  See copies of State Action Docket, attached hereto as Exhibit "D."

24.  Because the Brate, Co. and O'Connor Truck Leasing, Inc. entities have been dissolved, they have no citizenship for purposes determining diversity jurisdiction.

25.  As no defendant is a citizen of New Jersey, there is complete diversity between the plaintiff and the defendants.

26.  As no defendant is a citizen of Pennsylvania, the state in which the State Action was brought, 28 U.S.C. §1441(b)(2) does not apply and the State Action can be removed.

B.  **The Amount in Controversy Exceeds $75,000.**

27.  United States District Courts have federal diversity jurisdiction where complete diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. §1332(a).

28.  Plaintiff alleges that he was injured by a defective product and that he sustained various physical injuries, including, but not limited to, injuries to his right shoulder, right upper extremity, neck and spine with disc injuries, radiating pain and radiculopathy.  See Exhibit "A," Complaint, ¶20.

29.  Plaintiff also alleges that he has undergone pain and suffering, that he has suffered a permanent disability and permanent impairment of his earning power and that he has incurred and will in the future incur medical expenses and income loss.  See Exhibit "A," Complaint, ¶¶ 22, 23 and 25.

30. Plaintiff's complaint demands damages in excess of $50,000, which is the compulsory arbitration limit in the Philadelphia Court of Common Pleas. See Exhibit "A," Complaint ad damnum clauses.

31. A notice of removal may assert a different amount in controversy where '[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446 (c)(2)(A)(ii)-(B).

32. Pennsylvania law does not allow a plaintiff to demand a specific sum of money where unliquidated damages are sought. See, Pa.R.C.P. 1021(b).

33. Without admission and with express denial of plaintiff's claims and right to recover any of the damages alleged in the complaint, the Maxon Defendants allege that the amount in controversy exceeds $75,000 based on the allegations in the complaint related to plaintiff's injuries and alleged economic and non-economic damages.

34. Accordingly, the amount in controversy in this matter exceeds $75,000. See Intzekostas v. Atria Ctr. City, No. CV20-5540, 2020 WL 7769736, at *3 (E.D. Pa. Dec. 29, 2020) ("[t]he defendant does 'not need to prove to a legal certainty that the amount in controversy requirement has been met.' [Rather, the] removing defendant's plausible allegation that the amount in controversy exceeds $75,000 is accepted unless Plaintiff contests or the court questions it." (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)).

### C. All Defendants Who Have Been Properly Joined and Served in the State Action Consent to Removal.

35. Counsel for the Ryder Defendants, Sean Stadelman, Esquire, consents to the removal of this action pursuant to 28 U.S.C. §1446(b)(2)(A).

6

36.   Counsel for the Morgan Defendants, Jason Sweet, Esquire, has also confirmed that upon proper service of the complaint on the Morgan Defendants, that he will also consent to the removal of this action.

### D.   Removal to This Court is Proper.

37.   For the above reasons, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 and the State Action is removable to this Court pursuant to 28 U.S.C. §1441 and 1446.

38.   By filing this Notice of Removal, the removing defendants do not waive any available defenses and any and all defenses are expressly reserved.

39.   Pursuant to 28 U.S.C. §1446(d), the Maxon Defendants will give prompt notice of the filing of the notice of removal to plaintiff's counsel and will also file a copy of the notice of removal with Prothonotary for the Philadelphia Court of Common Pleas.

WHEREFORE, Removing Defendants Maxon Lift Corp. and Maxon Industries, Inc. request that the State Action be removed to the United States District Court For the Eastern District of Pennsylvania.

**McELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**

BY:   _____
MARK R. KEHOE, ESQUIRE
Attorney for Defendants
Maxon Lift Corp. and Maxon Industries, Inc.

Date:  March 22, 2021

7

## CERTIFICATE OF SERVICE

I, Mark R. Kehoe, Esquire, the undersigned counsel, hereby certify that on March 22, 2021 a true and correct copy of the foregoing Notice of Removal, was sent via e-mail and First Class Mail to the following:

Thomas F. Sacchetta, Esquire
SACCHETTA & BALDINO
308 East Second Street
Media, PA  19063
*Attorney for Plaintiff*

Sean T. Stadelman, Esquire
GOLDBERG SEGALLA
1700 Market Street
Suite 1418
Philadelphia, PA  19103-3907
*Attorney for Ryder Truck Rental, Inc.*
*and Ryder System, Inc.*

Jason J. Sweet, Esquire
REGER RIZZON DARNALL LLP
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA  19104
*Attorney for Morgan Truck Body, LLC*
*d/b/a Morgan Corporation*

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Date:  March 22, 2021          BY:  _____
                                    MARK R. KEHOE, ESQUIRE
                                    Attorney for Defendants
                                    Maxon Lift Corp. and Maxon Industries, Inc.