**EXHIBIT "A"**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **FEBRUARY 2021** | **001054** |
| E-Filing Number: 2102020953 | |

PLAINTIFF'S NAME
DOMINIC ROSSANO

DEFENDANT'S NAME
MAXON

PLAINTIFF'S ADDRESS
1 RAYMOND COURT
HAMLTON NJ 08053

DEFENDANT'S ADDRESS
11921 SLAUSON AVENUE
SANTA FE SPRINGS CA 90670

PLAINTIFF'S NAME

DEFENDANT'S NAME
MAXON LIFT CORP.

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
11921 SLAUSON AVENUE
SANTA FE SPRINGS CA 90670

PLAINTIFF'S NAME

DEFENDANT'S NAME
MAXON INDUSTRIES, INC.

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
11921 SLAUSON AVENUE
SANTA FE SPRINGS CA 90670

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 11 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal |
| | | [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY | COURT PROGRAMS

[ ] $50,000.00 or less
[X] More than $50,000.00

[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

CASE TYPE AND CODE
2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

FEB 11 2021

**A. SILIGRINI**

IS CASE SUBJECT TO
COORDINATION ORDER?
    YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>DOMINIC ROSSANO</u>

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
THOMAS F. SACCHETTA

ADDRESS
308 EAST SECOND STREET
MEDIA PA 19063

PHONE NUMBER
(610)891-9212

FAX NUMBER
(610)891-7190

SUPREME COURT IDENTIFICATION NO.
46834

E-MAIL ADDRESS
tom@sbattorney.com

SIGNATURE OF FILING ATTORNEY OR PARTY
THOMAS SACCHETTA

DATE SUBMITTED
Thursday, February 11, 2021, 11:51 am

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. MAXON
     11921 SLAUSON AVENUE
     SANTA FE SPRINGS CA 90670
2. MAXON LIFT CORP.
     11921 SLAUSON AVENUE
     SANTA FE SPRINGS CA 90670
3. MAXON INDUSTRIES, INC.
     11921 SLAUSON AVENUE
     SANTA FE SPRINGS CA 90670
4. RYDER TRUCK RENTAL, INC.
     ALIAS: D/B/A RYDER TRANSPORTATION SERVICES
     11690 NW 105TH STREET
     MIAMI FL 33178
5. RYDER TRUCK RENTAL, INC.
     11690 NW 105TH STREET
     MIAMI FL 33178
6. RYDER SYSTEM, INC.
     11690 NW 105TH STREET
     MIAMI FL 33178
7. MORGAN
     111 MORGAN WAY
     MORGANTOWN PA 19543
8. MORGAN CORPORATION
     111 MORGAN WAY
     MORGANTOWN PA 19543
9. MORGAN TRUCK BODY, LLC
     111 MORGAN WAY
     MORGANTOWN PA 19543
10. O'CONNOR TRUCK LEASING, INC.
     835 EAST LYCOMING STREET
     PHILADELPHIA PA 19124
11. BRATE, CO.
     835 EAST LYCOMING STREET
     PHILADELPHIA PA 19124

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter* ~~accepted by the~~
*is demanded. An* ~~assessment of damages~~ *records*
*hearing is not required* 11 FEB 2021 11:51 am
A. SILIGRINI

Attorney for plaintiff

| | |
|---|---|
| DOMINIC ROSSANO<br>2 Raymond Court,<br>Marlton, NJ 08053<br>              Plaintiff<br>   v.<br><br>MAXON<br>11921 Sluason Avenue,<br>Santa Fe Springs, CA 90670<br>     and<br>MAXON LIFT CORP.<br>11921 Sluason Avenue,<br>Santa Fe Springs, CA 90670<br>     and<br>MAXON INDUSTRIES, INC.<br>11921 Sluason Avenue,<br>Santa Fe Springs, CA 90670<br>     and<br>RYDER TRUCK RENTAL, INC.<br>11690 NW 105th Street,<br>Miami, FL 33178<br>     and<br>RYDER TRUCK RENTAL, INC. d/b/a<br>RYDER TRANSPORTATION SERVICES<br>11690 NW 105th Street,<br>Miami, FL 33178<br>     and<br>RYDER SYSTEM, INC.<br>11690 NW 105th Street,<br>Miami, FL 33178<br>     and<br>MORGAN<br>111 Morgan Way,<br>Morgantown, PA 19543<br>     and<br>MORGAN CORPORATION<br>111 Morgan Way,<br>Morgantown, PA 19543<br>     and | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA
CIVIL ACTION - LAW

Case ID: 210201054

MORGAN TRUCK BODY, LLC          :
111 Morgan Way,                 :
Morgantown, PA 19543            :
          and                   :
O'CONNOR TRUCK LEASING, INC.    :
835 East Lycoming Street,       :
Philadelphia, PA 19124          :
          and                   :
BRATE, CO.                      :
835 East Lycoming Street,       :
Philadelphia, PA 19124          :
                    Defendants  :

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **NOTICE**<br>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**<br><br>Philadelphia County Bar Association<br>Lawyers Referral and Information Service<br>1 Reading Center<br>Philadelphia, PA 19107<br>[215] 238-1701 | **AVISO**<br>Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**<br>Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E Informacion Lega<br>One Reading Center<br>Filadelfia,Pennsylvania 19107<br>Telef.: [215] 238-1701 |

Case ID: 210201054

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| DOMINIC ROSSANO<br>2 Raymond Court,<br>Marlton, NJ 08053 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW |
| Plaintiff | : | |
| v. | : | |
| | : | |
| MAXON | : | |
| 11921 Sluason Avenue,<br>Santa Fe Springs, CA 90670 | : | |
| and | : | |
| MAXON LIFT CORP. | : | |
| 11921 Sluason Avenue,<br>Santa Fe Springs, CA 90670 | : | |
| and | : | |
| MAXON INDUSTRIES, INC. | : | |
| 11921 Sluason Avenue,<br>Santa Fe Springs, CA 90670 | : | |
| and | : | |
| RYDER TRUCK RENTAL, INC. | : | |
| 11690 NW 105th Street,<br>Miami, FL 33178 | : | |
| and | : | |
| RYDER TRUCK RENTAL, INC. d/b/a | : | |
| RYDER TRANSPORTATION SERVICES | : | |
| 11690 NW 105th Street,<br>Miami, FL 33178 | : | |
| and | : | |
| RYDER SYSTEM, INC. | : | |
| 11690 NW 105th Street,<br>Miami, FL 33178 | : | |
| and | : | |
| MORGAN | : | |
| 111 Morgan Way,<br>Morgantown, PA 19543 | : | |
| and | : | |
| MORGAN CORPORATION | : | |
| 111 Morgan Way,<br>Morgantown, PA 19543 | : | |
| and | : | |
| MORGAN TRUCK BODY, LLC | : | |
| 111 Morgan Way, | : | |

Case ID: 210201054

Morgantown, PA 19543                    :
       and                        :
O'CONNOR TRUCK LEASING, INC.            :
835 East Lycoming Street,               :
Philadelphia, PA 19124                  :
       and                        :
BRATE. CO.                              :
835 East Lycoming Street,               :
Philadelphia, PA 19124                  :
                   Defendants    :

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Dominic Rossano, by and through his attorney, Thomas

F. Sacchetta, Esquire, and avers as follows:

1.  Plaintiff, Dominic Rossano, is an adult individual residing at 2 Raymond Court,

Marlton, NJ 08053.

2.  Defendant, Maxon, is, upon information and belief, a corporation, partnership,

sole proprietorship, unincorporated association or other legal entity existing under the laws of

the State of California with a place of business located at 11921 Slauson Avenue, Santa Fe

Springs. CA 92626. Defendant, Maxon, regularly conducts business in Philadelphia County,

Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Maxon,

had with the Commonwealth of Pennsylvania.

3.  Defendant, Maxon Lift Corp., is, upon information and belief, a corporation,

partnership, sole proprietorship, unincorporated association or other legal entity existing under

the laws of the State of California with a place of business located at 11921 Slauson Avenue,

Santa Fe Springs, CA 92626. Defendant, Maxon Lift Corp., regularly conducts business in

Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on

contacts Defendant, Maxon Lift Corp., had with the Commonwealth of Pennsylvania.

4.  Defendant, Maxon Industries, Inc., is, upon information and belief, a corporation,

partnership, sole proprietorship, unincorporated association or other legal entity existing under

Case ID: 210201054

the laws of the State of California with a place of business located at 11921 Slauson Avenue, Sante Fe Springs, CA 90670. Defendant, Maxon Industries, Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Maxon Industries, Inc., had with the Commonwealth of Pennsylvania.

5.     Defendant, Ryder Truck Rental, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a place of business located at 11690 NW 105th Street, Miami, FL 33178. Defendant, Ryder Truck Rental, Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Ryder Truck Rental, Inc., had with the Commonwealth of Pennsylvania.

6.     Defendant, Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a place of business located at 11690 NW 105th Street, Miami, FL 33178. Defendant, Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services, had with the Commonwealth of Pennsylvania.

7.     Defendant, Ryder System, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a place of business located at 11690 NW 105th Street, Miami, FL 33178. Defendant, Ryder System, Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant Ryder System, Inc. had with the Commonwealth of Pennsylvania.

Case ID: 210201054

8.      Defendant, Morgan, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 111 Morgan Way, Morgantown, PA 19543. Defendant, Morgan, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant Morgan, had with the Commonwealth of Pennsylvania.

9.      Defendant, Morgan Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 111 Morgan Way, Morgantown, PA 19543. Defendant, Morgan Corporation, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Morgan Corporation, had with the Commonwealth of Pennsylvania.

10.     Defendant, Morgan Truck Body, LLC, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 111 Morgan Way, Morgantown, PA 19543. Defendant, Morgan Truck Body, LLC, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Morgan Truck Body, LLC, had with the Commonwealth of Pennsylvania.

11.     Defendant, O'Connor Truck Leasing, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 835 East Lycoming Street, Philadelphia, PA 19124. Defendant, O'Connor Truck Leasing, Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and

this action is brought based on contacts Defendant, O'Connor Truck Leasing, Inc., had with the Commonwealth of Pennsylvania.

12.     Defendant, Brate, Co., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 835 East Lycoming Street, Philadelphia, PA 19124. Defendant, Brate, Co., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Brate, Co., had with the Commonwealth of Pennsylvania.

13.     On or about March 4, 2019, plaintiff, Dominic Rossano, was injured in while making a delivery in the course and scope of his employment for Penn Jersey Paper Company.

14.     On the aforementioned date, plaintiff was injured while using a defective trailer/lift gate on a Penn Jersey Paper Company truck, sold, designed, marketed, manufactured, leased and/or assembled by defendants, which was defective and failed to conform to proper standards resulting in severe injury to plaintiff.

15.     The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

## COUNT I

### Plaintiff, Dominic Rossano v. All Defendants

### NEGLIGENCE

16.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

17.     The incident and resulting injuries to plaintiff were caused by the negligence of defendants, acting by and through their agents, servants, workmen and employees.

18.     Such negligence and carelessness consisted of the following:

Case ID: 210201054

(a)    failing to design and/or utilize proper designs or procedures for the manufacture, assembly, lease and sale of the trailer/lift gate;

(b)    designing or utilizing defective designs and/or procedures for the manufacture, assembly, lease and sale of the trailer/lift gate;

(c)    designing, manufacturing, assembling, and/or selling, the trailer/lift gate and/or its component parts which they knew or should have known, was in a defective condition;

(d)    ignoring evidence and facts about the dangers of the trailer/lift gate when used in a reasonably foreseeable manner;

(e)    allowing the trailer/lift gate to be sold/leased in a defective condition;

(f)    failing to properly equip the trailer/lift gate with appropriate safety devices to permit it to be used safely;

(g)    failing to offer devices or products so as to make the trailer/lift gate safe for use;

(h)    failing to investigate the dangers associated with the trailer/lift gate and its use;

(i)    failing to adequately inform or warn purchasers or ultimate users of the trailer/lift gate as to the proper procedures for maintaining the trailer/lift gate;

(j)    failing to adequately inform or warn purchasers or ultimate users of the trailer/lift gate as to the proper procedures for repairing the trailer/lift gate;

(k)    failing to warn the user of the trailer/lift gate of its inherent design defects;

(l)    failing to warn about the hazards and dangers associated with the trailer/lift gate;

(m)    failing to properly manufacture the trailer/lift gate;

(n)    placing its product in the stream of commerce when they knew it would

Case ID: 210201054

not operate within the consumer's expectation;

       (o)    placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product;

       (p)    failing to inspect the trailer/lift gate properly prior to sale, rental or lease; and

       (q)    failing to properly manufacture, design and/or sell the trailer/lift gate with appropriate safety features;

       (r)    failing to discover the trailer/lift gate's defective condition and/or design; and

       (s)    designing, manufacturing, assembling, installing, and/or selling, the lift gate in conjunction with its component parts which they knew or should have known, was in a defective condition.

19.    The injuries and damage to plaintiff were caused by the negligence of the agents, employees and/or servants of defendants.

20.    Solely as a result of the negligence of the defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to his right shoulder, right upper extremity, neck and spine with disc injuries, radiating pain and radiculopathy.

21.    As a direct result of the aforesaid incident, plaintiff suffered severe shock to his nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future.

22.    As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

23.    As a result of his injuries, plaintiff has suffered a permanent disability and permanent impairment of his earning power and capacity.

Case ID: 210201054

24.    As a result of his injuries, plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

25.    As a result of his injuries, plaintiff has been forced to incur and may in the future incur medical expenses and income loss.

26.    As a result of his injuries, plaintiff has incurred and will in the future incur unreimbursed wage losses.

27.    As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II

### Plaintiff, Dominic Rossano v. All Defendants

**PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A) AND PENNSYLVANIA INTERPRETIVE COMMON LAW**

28.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

29.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective condition of the trailer/lift gate at issue, either by virtue of its defective design, defective manufacture, or defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

30.    The defective trailer/lift gate involved in the accident described above was defective for its foreseeable use and purpose.

31.    The injuries and damages suffered by plaintiff were directly and proximately

Case ID: 210201054

caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective trailer/lift gate involved in the accident.

32.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendants placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product, and placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, plaintiff demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

**COUNT III**

**Plaintiff, Dominic Rossano v. All Defendants**

**BREACH OF WARRANTY**

33.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

34.     At the time that they sold the defective trailer/lift gate at issue and/or its component parts, defendants were in the business of manufacturing and marketing trailer/lift gate and/or their component parts and were, with respect to this trailer/lift gate and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

35.     The injuries and damages sustained by plaintiff were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants in connection with its sale/lease of the defective trailer/lift gate and/or its component parts.

36.     Defendants impliedly warranted that the trailer/lift gate was of merchantable

Case ID: 210201054

quality and was fit for the purpose and use for which it was intended.

37.    Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

38.    By reason of the defective condition aforementioned, the trailer/lift gate was not of merchantable quality and was not fit for their intended use.

39.    Defendants breached the implied warranty of fitness and/or merchantability with respect to the trailer/lift gate by designing, manufacturing, selling, and/or leasing it in a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

SACCHETTA & BALDINO

By:    /S/THOMAS F. SACCHETTA, ESQUIRE
       THOMAS F. SACCHETTA, ESQUIRE
       Attorney for plaintiff

Case ID: 210201054